## L. A. THOMPSON SCENIC RAILWAY CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10315, 9679.   Promulgated January 12, 1928.

*V. C. Cormier, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the respondent.

## OPINION.

MORRIS: The first allegation of error urged by the petitioner is with respect to the deductibility of amounts set aside out of its income in 1920 and 1921 for self insurance. This issue was submitted by the petitioner for consideration on the record made in the *Appeal of L. A. Thompson Scenic Railway*, 2 B. T. A. 665, wherein the identical issue was raised and it was decided that the amounts set aside in a reserve for self insurance do not constitute ordinary and necessary business expenses within the meaning of the taxing statutes. That decision is controlling in the instant proceedings.

The second issue presented for consideration is whether the respondent committed error in disallowing as a deduction certain expenses incurred by the petitioner in dismantling and removing the Land of O-z. The petitioner contends, and we believe very properly, that the cost of dismantling and removing the properties of the Land of O-z was a deductible expense under the provisions of section 234 of the Revenue Act of 1918, which provides:

(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business   *   *   *

Convinced, as we are, that the expense of dismantling and removing the properties here under consideration is a proper deduction, we sustain the petitioner in its contention.

The third issue raised by the petitioner relates to the action of the respondent in reducing its invested capital for 1920 by the amount of income and excess-profits taxes due for the preceding taxable year.

This issue was not pressed at the hearing nor was any evidence introduced thereon. The respondent's determination on this point is therefore approved.

In respect to the last three issues raised by the petitioner, the record does not show what action was taken by the respondent. The adjustments of income made in the notice of deficiency are based on a 30-day letter in which additions to income as disclosed in a revenue agent's report, of certain amounts representing depreciation, increase in reserve for insurance, and dismantling expenses are made. We are satisfied that the expenditure of $165.67 made by the petitioner for the purpose of inducing the Orangemen's Association to hold its annual picnic at Woodside Park at which the petitioner was one of the concessionaires, was an ordinary and necessary expense, and should be allowed as a deduction, if such allowance has not already been made. The amount of $304.17 representing the accrued interest on Canadian Pacific bonds which the petitioner paid at the time of purchase and recovered at the next interest date is not income, and the respondent was in error if he included it therein. As no evidence was introduced on the sixth allegation of error, the determination of the respondent is approved in respect thereto.

*Judgment will be entered on 15 days' notice, under Rule 50.*